# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**           **CASE NO.** 21-40068-TC

**FRANK LEAR,**

      **Defendant.**

# SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**SEXUAL EXPLOITATION OF A MINOR – DISTRIBUTION OF CHILD PORNOGRAPY**
**[18 U.S.C. § 2252(a)(2)(A) and (B)]**

On or about the 25th day of October, 2018 , in the District of Kansas, the defendant,

**FRANK LEAR**

did knowingly distribute one or more visual depictions of a minor, to J.B., who's identity is known to the Grand Jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions

1

involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 2

### SEXUAL EXPLOITATION OF A MINOR – DISTRIBUTION OF CHILD PORNOGRAPY
### [18 U.S.C. § 2252(a)(2)(A) and (B)]

On or about the 5th day of February, 2019, in the District of Kansas, the defendant,

### FRANK LEAR

did knowingly distribute one or more visual depictions of a minor, to J.W., who's identity is known to the Grand Jury, using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 3

**SEXUAL EXPLOITATION OF A MINOR – DISTRIBUTION OF CHILD PORNOGRAPY**
**[18 U.S.C. § 2252(a)(2)(A) and (B)]**

On or about the 25th day of March, 2019, in the District of Kansas, the defendant,

**FRANK LEAR**

did knowingly distribute one or more visual depictions of a minor, to C.M., who's identity is known to the Grandy Jury, using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 4

**SEXUAL EXPLOITATION OF A MINOR – POSSESSION OF CHILD PORNOGRAPY**
**[18 U.S.C. § 2252(a)(4)(B)]**

On or about the 17th day of April, 2019, in the District of Kansas, the defendant,

**FRANK LEAR**

did knowingly possess one (1) or more matters which contained any visual depiction of a minor, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, including by a computer, and was produced using materials which had

3

been so mailed and shipped and transported, and the production of such visual depiction involved the use of minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B), with reference to Title 18, United States Code, Section 2252(b)(2).

## **FORFEITURE NOTICE**

1. The allegations contained in Counts 1-4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, § 2253(a).

2. Upon conviction of one or more of the offenses set forth in Counts 1-4, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to:

> A.  Hard Drive – Samsung V-NAND 850 EVO serial #S3PTNF0JC07512X
>
> B.  Memory Stick – SanDisk Cruzer Glide SDCZ60 serial #BN161125669B
>
> C.  Hard Drive – Seagate ST1000DX001 serial #Z1DATS7Q

3. If any of the property described above, as a result of any act or omission of the defendant:

> A.   cannot be located upon the exercise of due diligence;
>
> B.   has been transferred or sold to, or deposited with, a third party;
>
> C.   has been placed beyond the jurisdiction of the court;

4

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

            A TRUE BILL.

| July 21, 2021 | s/Foreperson |
|---|---|
| DATE | FOREPERSON OF THE GRAND JURY |

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

## PENALTIES

**Counts 1-3: 18 U.S.C. § 2252(a)(2)(A) and (B):**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 4: 18 U.S.C. § 2252(a)(4)(B)**

- Punishable by a term of imprisonment not to exceed ten (10) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment not less than ten (10) years and to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.